IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

EDWARD C. HUGLER, ACTING SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

    Plaintiff,

v.

PROWALL, INC., a Colorado corporation,
and JESUS BRICENO, individually,

    Defendants.
_____

## COMPLAINT
_____

Edward C. Hugler, Acting Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action to enjoin Prowall, Inc. ("Prowall"), a Colorado corporation, and Jesus Briceno, individually and as owner and managing agent of the corporate defendant (together as "Defendants"), from violating the provisions of Sections 7, 11, 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (FLSA or Act), and to restrain Defendants from withholding payment of minimum wage and overtime compensation owed under the FLSA to employees who are named in the Attached Exhibit A.

    1.    The Court has jurisdiction over this action pursuant to Sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216 and 217, and by 28 U.S.C. § 1331 (federal question) and § 1345 (United States as Plaintiff).

    2.    (a) Prowall is, and at all relevant times herein, has been a Colorado corporation with its principal place of business at 10136 Wyandotte Circle N., Thornton, CO 80260, within

1

the jurisdiction of this Court and has been engaged in business as a staffing company or "labor provider" contracting with upper-tier drywall contractors to supply laborers who perform hanging and finishing of drywall (hereinafter "Drywall Installation Services").

(b) Briceno resides within the jurisdiction of this Court.

(c) Briceno, at all relevant times herein, is and has been the principle owner of Prowall, the manager of Prowall, and an employer within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d) in that he has acted and is acting directly or indirectly in the interests of Prowall and its employees performing all business functions and operational control, including hiring and firing, setting pay rates, assigning work and schedules, and handling payroll.

3. At all relevant times herein, Defendants have been an "enterprise" within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r), in that the activities of Defendants have constituted related activities performed through unified operation or common control for a common business purpose.

4. The enterprise referenced in Paragraph 3 has, and at all relevant times herein, has had (a) employees engaged in commerce or in the production of goods for commerce, or in the handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; (b) an annual gross volume of sales made or business done of not less than $500,000; and (c) constitutes "an enterprise engaged in commerce or in the production of good for commerce" within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

5. The Secretary investigated Defendants' compliance with the provisions of the FLSA for the period covering January 1, 2014 to March 27, 2015 (the "Investigation Period").

6.     Employees included on Prowall's payroll were paid their regular rates or "straight time" for all hours worked in excess of 40 in a workweek during the Investigation Period.

7.     Most of Defendants' laborers were not included on Prowall's payroll because Defendants misclassified them as independent contractors even though they performed the same type of work as the payroll employees. These laborers were, as a matter of economic reality, employees under the FLSA and not in business for themselves, for reasons including but not limited to: they were paid by the piece or hour in an amount set by Briceno; they performed work as assigned and scheduled; the work was repetitive, did not require independent business judgment, skill, or initiative, and the work was integral to Prowall's business; the means to increase earnings was limited to hanging more drywall sheets/work more hours; Briceno procured the jobs and negotiated rates with the upper-tier contractors (limiting the rates that could be paid to the laborers); their investment was minimal compared to Prowall (e.g., costs for tools of the trade) and they did not manage typical business expenses or risk of loss.

8.     The misclassified employees were also paid straight time rates for hours worked in excess of 40 in a workweek during the Investigation Period.

9.     Defendants have violated the provisions of Sections 7 and 15(a)(2) of the FLSA by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce, without compensating the employees overtime wages (i.e., one and one-half times their regular hourly rate) for hours worked in excess of forty (40) in workweeks within the Investigation Period. Upon information and belief such violations have continued since March 27, 2015 and are ongoing.

10.    Defendants have violated the provisions of Sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve adequate and accurate records of

employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516 in that, to the extent records exist, they fail to show adequately and accurately, among other things, names and identification information, the hours worked each workday, the total hours worked each workweek, and the rate of pay for work performed during the Investigation Period. Upon information and belief such violations have continued since March 27, 2015 and are ongoing.

11. Defendants have repeatedly and willfully violated Sections 7, 11(c), 15(a)(2), and 15(a)(5) in that the Secretary previously investigated Briceno and Prowall's predecessor organization, Briceno Drywall, Inc. ("Briceno Drywall") and found violations for failing to pay overtime compensation to employees on Briceno Drywall's payroll and to employees misclassified as independent contractors, and to make, keep, and preserve adequate records. The Secretary advised Briceno of such employee misclassifications, overtime compensation and recordkeeping violations and Briceno acknowledged the violations, paid corresponding back wages owed, and agreed to comply in the future.

12. As a result of the violations alleged in Paragraphs 9 and 10 above, amounts are owing from Defendants to the employees named on Exhibit A, which is attached hereto and incorporated herein, plus an additional amount as liquidated damages that is equal to the amount of overtime compensation that is due under the FLSA, which is specifically authorized by Section 16(b) of the Act, 29 U.S.C. § 216(b).

13. Inasmuch as the violations alleged herein have continued and/or are continuing (up to the date of judgment), additional amounts are accruing for employees on Exhibit A and/or employees who are not presently known to the Secretary in amounts presently unknown.

14. A judgment permanently enjoining and restraining the violations alleged herein, including restraint of the continued withholding of compensation found to be due the employees is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

**WHEREFORE**, cause having been shown, the Secretary prays for judgment against Defendants as follows:

1. For an Order stating that the persons listed on Exhibit A are employees of Defendants and that correspondingly Defendants are the employers of such individuals;

2. For an Order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed on Exhibit A, and for additional compensation and liquidated damages that may be owed to employees presently unknown to the Secretary for the period covered by this complaint; or in the event liquidated damages are not awarded, for an Order pursuant to Section 17 of the Act enjoining and restraining Defendants from withholding payment of unpaid overtime compensation found due Defendants' employees listed on Exhibit A, and for additional compensation that may be owed to employees presently unknown to the Secretary for the period covered by this complaint, and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C § 6621;

3. For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

4. For an Order awarding Plaintiff the costs of this action; and

5. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Katherine E. Bissell, Deputy Solicitor for Regional Enforcement
James E. Culp, Regional Solicitor
John Rainwater, Associate Regional Solicitor
Lydia Tzagoloff, Counsel for Wage and Hour Division

/s/Tyler P. McLeod
Tyler P. McLeod
Senior Trial Attorney

U.S. Department of Labor
Office of the Solicitor
1244 Speer Boulevard, Suite 515
Denver, CO 80204-3516
(303) 844-0936
(303) 844-1753 Facsimile
mcleod.tyler.p@dol.gov

| Name | Date Start | Date Stop |
|---|---|---|
| AF Drywall & Finishers | 1/28/2015 | 2/4/2015 |
| Alvaro Rodriguez | 8/1/2014 | 9/27/2014 |
| Antonio's Drywall LLC | 1/31/2014 | 4/17/2014 |
| Canyon Drywall Company | 2/27/2015 | 3/27/2015 |
| Daniel Lopez | 7/5/2014 | 3/20/2015 |
| Empire Drywall | 2/22/2014 | 1/23/2015 |
| Esteban Santillana M | 5/16/2014 | 11/7/2014 |
| Fernando Quintero | 3/4/2014 | 9/19/2014 |
| Francisco Elifelet Medina | 1/7/2014 | 6/6/2014 |
| Gerardo Munoz | 12/12/2014 | 3/13/2015 |
| German Mendoza | 7/12/2014 | 8/22/2014 |
| GL Landa Drywall Construction | 1/3/2014 | 2/22/2014 |
| Hugo Hernandez | 1/17/2014 | 7/18/2014 |
| Humberto Arellano | 1/7/2014 | 2/14/2014 |
| Jaime Villegas Flores | 10/24/2014 | 3/27/2015 |
| Jesus Antonio Perez | 4/4/2014 | 2/27/2015 |
| Joaquin Garcia | 11/7/2014 | 3/27/2015 |
| Jose A Ornelas | 2/4/2015 | 3/27/2015 |
| Jose C Escareno | 1/17/2014 | 4/25/2014 |
| Jose Manuel Villa | 1/25/2014 | 5/9/2014 |
| Luis Ivan Villalobos Sanchez | 11/27/2014 | 12/4/2014 |
| Luis Rodriguez | 1/3/2014 | 6/20/2014 |
| Macias Texture LLC | 4/14/2014 | 4/21/2014 |
| Manuel Lopez | 5/27/2014 | 3/13/2015 |
| Marino Pascual | 1/17/2014 | 9/5/2014 |
| Martin Trevizo | 1/3/2014 | 8/8/2014 |
| Miguel Hernandez Valle | 2/14/2014 | 5/16/2014 |
| Olivas Drywall | 1/24/2014 | 1/31/2014 |
| Ramon Leon Jaime | 3/4/2014 | 3/27/2015 |
| Ricardo Montoya | 3/5/2014 | 7/25/2014 |
| ROL Drywall LLC | 4/25/2014 | 6/20/2014 |
| Waybuilt Construction Corp | 6/27/2014 | 7/5/2014 |

EXHIBIT A

Sec'y v. Prowal, Inc. et al.